**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DISTRICT**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-71037 |
| CLIFFBREAKERS HOLDINGS, LLC, | ) | |
| | ) | Hon. Manuel Barbosa |
|         Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-71036 |
| CLIFFBREAKERS RIVERSIDE RESORT, LLC, | ) | |
| | ) | Hon. Manuel Barbosa |
|         Debtor. | ) | |
| In re: | ) | Chapter 11   *10-71038* |
| | ) | Case No. ~~10-17038~~ |
| CLIFFBREAKERS PROPERTY INVESTMENTS, LLC, | ) | |
| | ) | Hon. Manuel Barbosa |
|         Debtor. | ) | |

**INTERIM ORDER AUTHORIZING DEBTORS TO
(I) INCUR POST PETITION DEBT; AND (II) GRANT CERTAIN LIENS
AND OTHER RELIEF TO PROPOSED DIP LENDER;
AND (III) SCHEDULE A FINAL HEARING**

This matter came before this Court on the emergency motion (the "Financing Motion") of the Debtors, CLIFFBREAKERS HOLDINGS, L.L.C. ("Holdings"), CLIFFBREAKERS RIVERSIDE RESORT, L.L.C. ("Resort"), CLIFFBREAKERS PROPERTY INVESTMENTS, L.L.C. ("Investments"), debtors and debtors in possession (collectively, the "Debtors") requesting that this Court enter an order: (I) authorizing the Debtors to incur post petition debt on a super-priority basis; and (II) granting certain liens and other relief to the proposed debtor in possession lender and (III) scheduling a final

1

hearing. The Court having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion and having completed a hearing pursuant to Bankruptcy Code Section 364 and Fed. R. Bankr. P. 4001(c), THIS COURT HEREBY FINDS THAT:

A. On March 5, 2010 ("Filing Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Code. The Debtors have retained the possession of their property and continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

B. An immediate need exists for the Debtors to obtain post-petition financing in order to enable the Debtors to satisfy their ongoing operational and administrative expenses and maintain the value of their assets, which consist of the real property located at 700 W. Riverside, Rockford, Illinois ("Property") and all related personal property thereto including without limitation all property relating to the Debtors' restaurant, banquet hall and hotel operations at the Property under the name of *Cliffbreakers Riverside Resort*. Entry of this interim order ("Interim Order") will enhance and is a necessary element to the possibility of a successful reorganization.

C. Pursuant to Bankruptcy Code Sections 364(c) and 364(d), the Debtors have attempted but are unable to obtain credit, other than the proposed post-petition financing ("DIP Financing") from Victor Mattison, or his designee (the "DIP Lender") pursuant to the terms of the Mortgage and Security Agreement and Revolving Line of Credit Promissory Note attached to the Financing Motion as Exhibit B (collectively, the "DIP Loan Documents"). The terms of the DIP Financing have been negotiated in good faith , and the

2

DIP Financing is being extended in good faith, as that term is used in Bankruptcy Code section 364(e).

D.  In order to prevent immediate and irreparable harm to the estates pending a final hearing on the Financing Motion (the "Final Hearing"), the Debtors require the use of the DIP Financing pursuant to the terms of the budget of operating expenses attached hereto as Exhibit A (the "Budget") and to the extent that the Debtor's cash collateral is insufficient to satisfy the Budgeted expenses, and subject to the Agreed Interim Order Authorizing the Limited Use of Cash Collateral and Granting Adequate Protection (the "Interim Cash Collateral Order").

E.  Under the circumstances of the Debtors' bankruptcy cases, the terms and conditions of this Interim Order are a fair and reasonable response to the Debtors' incurrence of the DIP Financing, and the entry of this Interim Order is in the best interest of the Debtors' estates and their creditors.

F.  The notice provided by the Debtors of the Financing Motion, the hearing on the Financing Motion and the entry of this Interim Order satisfy the requirements of Fed. R. Bankr. P. 4001 and were otherwise sufficient and appropriate under the circumstances.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1.  <u>Authorization to Incur Postpetition Financing</u>. The Debtors are authorized to incur the DIP Financing from the DIP Lender provided that (i) the DIP Financing shall not exceed the available credit of $155,000.00 (ii) the DIP Financing shall be incurred only as needed to satisfy the expenses listed on the Budget, not otherwise satisfied by the Debtors' cash collateral, and subject to the Interim Cash Collateral Order; (iii) the DIP Financing

shall be incurred to pay any allowed fees and expenses of the Debtors' professionals; and (iv) the DIP Financing is otherwise incurred solely in accordance with and pursuant to the terms and provisions of this Interim Order and the DIP Loan Documents.

2.   <u>Superpriority Administrative Expense Status; Postpetition Liens</u>. The DIP Financing, to the extent incurred pursuant to the terms of this Interim Order, shall be granted superpriority administrative status under Bankruptcy Code section 364(c)(1), with priority over all costs and expenses of administration of the Cases that are incurred under any provision of the Bankruptcy Code, with the exception of the following: (i) fees owed to the Debtors' professionals as approved by the Bankruptcy Court; and (ii) fees owed to the United States Trustee. In addition, pursuant to Bankruptcy Code section 364(d)(1), the DIP Lender is granted first priority post-petition liens ("DIP Liens") on the Debtors' assets, including without limitation the Property and post-petition cash and receivables ("Post-Petition Collateral") to secure the DIP Financing. Except as set forth below, the DIP Liens: (1) shall have priority over all other pre petition or post petition security interests and liens without any further action by the Debtors or the DIP Lender and without the execution, filing or recordation of any financing statements, security agreements, mortgages or other documents or instruments; (2) shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of the Cases, subject to the terms of the DIP Loan Documents; but (3) shall not have priority or a priming right under Section 364(d)(1) of the Bankruptcy Court over the liens and security interests of Fifth Third Bank with respect to the amount of DIP Financing funds used to pay the Debtors' attorneys' fees. Notwithstanding the foregoing, the Debtors are authorized to execute and deliver to the

4

DIP Lender such financing statements, mortgages, instruments and other documents as the DIP Lender may deem necessary or desirable from time to time and which are consistent with the provisions of this Interim Order and the terms of the DIP Loan Documents.

3. <u>The DIP Loan Documents</u>. The Debtors are authorized to enter into the DIP Loan Documents attached to the Motion as Exhibit B, with such non-material modifications as are necessary so long as they comport with the provisions of this Interim Order. The interest rate provided for in the Loan Documents[1] and the principal amount of $~~250,000~~ 155,000 may not be modified.

4. <u>Termination of Right to Incur DIP Financing</u>

(a) <u>Termination Date</u>. Unless extended by the Court upon the written agreement of the DIP Lender, this Interim Order and the Debtors' authorization to incur DIP Financing pursuant to this Interim Order will immediately terminate on the earlier of (i) the date that is 120 days from the date of this Interim Order or (ii) the effective date of a confirmed plan of reorganization filed by the Debtors ("Termination Date").

(b) <u>Prohibition Against Additional Debt</u>. No order shall be entered in these Cases authorizing the Debtors to incur debt secured by a lien which is equal to or superior to the DIP Liens, or which is given superpriority administrative expense status under

---

[1] Paragraph 1 of the Revolving Line of Credit Promissory Note provides for interest on the outstanding principal amount of the loan to accrue from the date of disbursement and be payable at the rate equal to the sum of the Prime Rate and be payable on the Maturity Date; provided, however, the Prime Rate shall not be less than six percent (6%) per annum and shall not exceed nine percent (9%) per annum. The "Prime Rate" shall mean the rate of interest as published by the Western Edition of *The Wall Street Journal* from time to time as of prime rate and shall change from time to time on the effective dates of, and in conformity with, changes in *The Wall Street Journal* prime rate.

8926203.2

Bankruptcy Code sections 364(c)(1) or (d)(1), unless, in addition to the satisfaction of all requirements of Bankruptcy Code for the incurrence of such debt: (a) the DIP Lender has consented to such order; (b) there is no DIP Financing outstanding at the time of the entry of such an order; or (c) such credit or debt is used to immediately pay the DIP Financing in full. Notwithstanding the foregoing, upon confirmation of a plan of reorganization or approval of a sale of substantially all of the Debtors' assets under Section 363 of the Bankruptcy Code, the DIP Financing shall be re-characterized as (a) additional equity to the reorganized Debtors or (b) subordinated debt to any new senior mortgage loan issued to the reorganized Debtors or the purchaser of the Debtors' assets, as the case may be, in the form of a junior lien on the Property including without limitation all related personal property and assets of the Debtors.

    (c)    <u>No Surcharge</u>. The surcharge provisions of Bankruptcy Code section 506(c) and the enhancement of collateral provisions of Bankruptcy Code section 552 shall not, either before, on or after the Termination Date, be imposed upon the DIP Lender or any of the Post Petition Collateral for the benefit of any party in interest, including, without limitation, the Debtors, any of the Debtors' professionals, or any Trustee at any time during these Cases.

    5.    <u>Financial Information; Insurance</u>. The Debtors are hereby directed to deliver to the DIP Lender such financial and other information concerning the business and affairs of the Debtors and any of the Post Petition Collateral as the DIP Lender shall reasonably request from time to time.

    6.    <u>Final Hearing</u>. A Final Hearing on the Motion is set for 3/31, 2010 at

6

8926203.2

10:30 a.m. Objections to the DIP Financing shall be filed on or before 3/26, 2010.

Dated: MAR 8 2010    ENTERED: _____
U.S. Bankruptcy Judge

8926203.2

Case 10-71038    Doc 20    Filed 03/08/10    Entered 03/08/10 16:47:47    Desc Main
Document    Page 7 of 7